IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN ANTHONY,

            Plaintiff,

v.

MICHAEL MEISNER, SGT. DONOVAN,
LT. BOODRY and JOHN DOE(S),

            Defendants.

ORDER

13-cv-804-bbc

---

      Plaintiff John Anthony, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed complaint. Plaintiff has also filed a motion for the court to order the institution to withdraw $265 for the filing fee from his release account. Plaintiff should be aware that, with the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915, in which case the fee is $350. Plaintiff has not paid the $400 filing fee in this case, so I will construe his complaint to include a request to proceed *in forma pauperis*. After considering six-month trust fund account statement that plaintiff submitted with his complaint, the court concludes that he qualifies for indigent status.

      Because plaintiff is incarcerated, his case is governed by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee. To determine whether a prisoner qualifies for indigent status for purposes of the PLRA, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the

average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. In other words, he must make an initial partial payment of the filing fee before the court will consider his complaint. Thereafter, he shall be required to make monthly installment payments from his trust fund account. 28 U.S.C. § 1915(b)(2).

In this case, 20% of the average monthly deposits is $5.60, but 20% of the average monthly balance made to his account is $55.40. Because the greater of the two amounts is 20% of the average monthly balance, or $55.40, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $55.40 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that:

1. Plaintiff John Anthony's motion for use of release account funds, dkt. #2 is GRANTED in part. If sufficient funds do not exist in plaintiff's regular account to pay his initial partial payment, then the inmate account office at the Columbia Correctional Institution is to use plaintiff's release account to pay the remainder of the assessed amount.

2. Plaintiff is assessed $55.40 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $55.40 on or before December 13, 2013. If, by December 13, 2013, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 22nd day of November, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge